### ECAUBERT v. APPLETON et al.

(Circuit Court, S. D. New York. November 2, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PLEADING—SCANDALOUS ANSWER.

In a suit for infringement of a patent, an answer which alleges that complainant's patent was obtained by trick, artifice, and deception, and without the knowledge of the commissioner, after a judgment in defendant's favor in interference proceedings concerning the same invention, is not scandalous or impertinent, since Rev. St. U. S. § 4920, authorizes the defense that the patentee "had surreptitiously or unjustly obtained the patent for that which was in fact the invention of another, who was using reasonable diligence in adapting and perfecting the same."

In Equity. Bill for infringement of patent. On exceptions to answer.

Francis Forbes, for complainant.
Church & Church, for defendants.

COXE, J. The answer alleges that one Hofmann was the first inventor of the improvement covered by the complainant's patent, and that the defendants are the owners of a patent granted to Hofmann after a decision by the commissioner in his favor, and against the complainant. The portions of the answer excepted to describe in detail the interference proceedings between Hofmann and complainant, the final judgment in Hofmann's favor and the granting of the patent to the defendants, as his assignees. The answer further alleges that, pending the interference proceedings, the complainant by trick, artifice, and deception, and without the knowledge of the commissioner, obtained another patent—the one in suit—for the identical subject-matter involved in the interference proceedings. In short, it alleges that the complainant has obtained by deception a patent for an invention which the patent-office has adjudged to belong to the defendants. The exceptions proceed upon the theory that the allegations which describe the interference proceedings are scandalous and impertinent. This position is not well founded. One of the defenses permitted by section 4920 is:

"That he [the patentee] had surreptitiously or unjustly obtained the patent for that which was in fact invented by another, who was using reasonable diligence in adapting and perfecting the same."

The defendants rely upon the facts surrounding the interference proceedings to establish this defense. They cannot prove these facts without alleging them. The exceptions are overruled.